MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, SBN 83684
JEAN BARNIER, SBN 231683
645 First St. West, Suite D
Sonoma, California 95476
Telephone: (707) 935-3205
Email:     macclaw@macbarlaw.com

Attorneys for Plaintiff,
TIMOTHY W. HOFFMAN, Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                       ) Case No. 16-10603 AJ
                                                            )
NANCY ANN BELLO,                                            ) (Chapter 7)
                                                            )
            Debtor.                                         )
_____
                                                            ) A.P. Case No.
TIMOTHY W. HOFFMAN, Trustee in                              )
Bankruptcy of the Estate of Nancy Ann                       )
Bello,                                                      ) **COMPLAINT TO AVOID AND RECOVER**
                                                            ) **FRAUDULENT TRANSFERS, TO ASSERT**
            Plaintiff,                                      ) **TRUSTEE'S "STRONG ARM" POWERS TO**
                                                            ) **DETERMINE VALIDITY AND EXTENT OF**
      v.                                                    ) **LIEN, AND TO SELL REAL PROPERTY**
                                                            ) **FREE AND CLEAR OF CO-OWNER'S**
PREMIER TRUST, INC., as Trustee of the                      ) **INTEREST**
Irrevocable Nancy Bello 2012 Trust dated                    )
12/19/12; PREMIER TRUST, INC., as                           )
Trustee of the Irrevocable Michael Ru                       )
Bello 2012 Trust dated 12/19/12; BRIAN                      )
WEISS, as Trustee of the Walldesign                         )
Liquidation Trust; and WESTERN                              )
ALLIANCE BANK, an Arizona                                   )
corporation; MICHAEL RU BELLO, an                           )
individual,                                                 )
                                                            )
            Defendants.                                     )
_____

Plaintiff alleges:

<u>JURISDICTION AND VENUE</u>

1.  On July 12, 2016, the Debtor Nancy Ann Bello filed her Voluntary Petition for

Relief under Chapter 7 of the Bankruptcy Code in the above-entitled Court. Thereafter, Plaintiff

6054.premier.complaint.                                                                      PAGE 1

1. Timothy W. Hoffman was duly appointed as Chapter 7 Trustee in Bankruptcy therein.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 548. This matter is a "core proceeding" as defined by 28 U.S.C. § 157(b)(2)(A), (E), (H), (K), (N), and (O) . Plaintiff consents to final judgment of the Bankruptcy Court pursuant to the provision of 28 U.S.C. § 157(c)(2). Venue is proper here pursuant to the provisions of 28 U.S.C. § 1409.

## PARTIES

3. Plaintiff Timothy W. Hoffman is the duly appointed Chapter 7 Trustee of the Estate of Nancy Ann Bello. Plaintiff does not have personal knowledge of the facts alleged in this Complaint that arose prior to his appointment, and therefore alleges all of those facts on information and belief. Plaintiff reserves his right to amend this Complaint to allege additional claims against Defendants which may be discovered by his ongoing investigation.

4. Defendant Premier Trust, Inc. is a Nevada corporation doing business in the State of California, and is sued as Trustee of the Irrevocable Nancy Bello 2012 Trust dated 12/19/12, and as Trustee of the Irrevocable Michael Ru Bello 2012 Trust dated 12/19/12, Among other things, Defendant Premier Trust, Inc. is engaged in the business of promoting and organizing self-settled spendthrift "asset protection" trusts, whereby individuals can fraudulently purport to place their assets beyond the reach of creditors holding legitimate claims against them, while still enjoying all benefits and income from those assets.

5. Defendant Brian Weiss is an individual doing business in the State of California, and is sued as the Trustee of the Walldesign Liquidation Trust, a post-confirmation liquidating trust established by the confirmed Plan of Reorganization in the matter *In re Walldesign, Inc.*, U.S. Bank. Ct. C.D. Cal. Case No. 8:12-bk-10105-CB (Dkt. No. 1247 therein). At no time has Plaintiff been a "Creditor" of Walldesign Inc., as the term is defined in Section 2.1.47 of the Walldesign Plan, and Plaintiff is therefore not subject to the channeling injunction set forth in Section 10.2 of the Walldesign Plan.

6. Defendant Michael Ru Bello is an individual residing in the State of California, and is the former spouse of the Debtor Nancy Ann Bello.

7.      Defendant Western Alliance Bank is an Arizona banking corporation doing business in the State of California.

GENERAL ALLEGATIONS

8.      Walldesign is a California corporation formed in 1983.  Until 2001, the company was engaged in the business of installing drywall, insulation, acoustical material, and plaster, and providing related services to single and multi-family construction products in California, Nevada, and Arizona.

9.      At all relevant times up through June 15, 2016, Defendant Michael Ru Bello was the spouse of the Debtor Nancy Ann Bello.  At all relevant times up through on or about January 4, 2012, Defendant Michael Bello was the sole shareholder and President of Walldesign, Inc.

10.     Prior to the year 2007, Walldesign, Inc., enjoyed considerable financial success, enabling the Bello family to acquire and maintain a lavish lifestyle while not compromising the solvency of Walldesign, Inc. or its ability to pay its debts as they became due.

11.     On or about August 22, 2002, during the period of time when Walldesign, Inc. was highly profitable, an entity known as Ru Investments, LLC, wholly owned by the Debtor and Defendant Michael Ru Bello, purchased the real property commonly known as 8424 St. Helena Highway, Rutherford, CA in an arm's length sale from an unrelated third party for the sum of $1,800,000.

12.     On July 20, 2004, Ru Investments, LLC, conveyed the 8424 Property to Michael Ru Bello and Nancy Ann Bello, Trustees of the Bello Family Trust dated January 14, 2007.  The Grant Deed in question recites that the transfer was for no consideration and "The grantors and the grantees in this conveyance are comprised of the same parties who continued to hold the same proportionate interest in the property, R&T 11911".

13.     By 2007, Walldesign, Inc. was in financial difficulty.  The global economic downturn that began in 2007 resulted in a major slowdown in the construction industry, and Walldesign's revenues and work in progress sharply declined.  For its fiscal year ending October 31, 2007, Walldesign's gross revenues declined by 30%, and its gross profit on contract revenues plummeted from 10.45% in 2006 to 1.95% in 2007.  As a consequence, Walldesign incurred a net

loss of $11.5 Million in 2007. This financial condition only worsened during the next four years.

14. On January 2, 2012, Walldesign, Inc. filed a voluntary petition for relief under Chapter 11 of the bankruptcy code in the U.S. Bankruptcy Court for the Central District of California, scheduling assets of approximately $16 Million and liabilities of approximately $26 Million.

15. Notwithstanding the financial deterioration of Walldesign, Inc., from 2007 through January 4, 2012, Defendant Michael Ru Bello continued to use the corporate funds of Walldesign, Inc. to finance a lavish personal lifestyle for the Bello family, including himself, the Debtor, his mother, and his children. These expenditures included expenses associated with a vineyard and winery operation in Napa County, thoroughbred horses and racetrack club memberships, a Rolls Royce, and other expensive items.

16. As the financial condition of Walldesign, Inc. deteriorated both before and after it filed Chapter 11, Defendant Michael Ru Bello and the Debtor became concerned over their potential personal liability for millions of dollars of guaranties of Walldesign debts and other areas of exposure. In a flawed attempt to evade these liabilities, Defendant Micheal Ru Bello and the Debtor embarked on an "asset protection" scheme to attempt to put their assets beyond the reach of legitimate creditor claims. In doing so, they typically used entities organized in the State of Nevada, which permits a higher degree of anonymity than the State of California, where the Bellos were continuously domiciled.

17. In particular, at a time when a substantial State Court collection action was filed and pending against Walldesign and Michael Bello individually, and on or about April 24, 2012, for no consideration, the Defendant Micheal Ru Bello and the Debtor executed a Quitclaim Deed of the 8424 Property to MB Investment Group, LLC, a Nevada limited liability company. The deed recited, "The grantors and the grantees in this conveyance are comprised of the same parties who continued to hold the same proportionate interest in the property, R&T 11911". A correct copy of this Quitclaim Deed is attached to this Complaint and labeled Exhibit 1.

18. On or about December 19, 2012, the Debtor Nancy Bello acting as Manager of MB Investment Group, LLC, executed a Quitclaim Deed of the 8424 Property to "Michael Ru

Bello, a Married Man as his Sole and Separate Property, as to an undivided 50% interest;" and "Nancy Ann Bello, a Married Woman, as her Sole and Separate Property, as to an undivided 50% interest. A correct copy of this Quitclaim Deed is attached to this Complaint and labeled Exhibit 2.

19. Also on December 19, 2012, in furtherance of their "asset protection" scheme, the Debtor and Defendant Michael Ru Bello each executed Quitclaim Deeds of the 8424 Property for no consideration to Premier Trust, Inc., as Trustee of the Irrevocable Nancy Bello 2012 Trust dated 12/19/12, and as Trustee of the Irrevocable Michael Ru Bello 2012 Trust dated 12/19/12. These trusts were each self-settled spendthrift trusts for the benefit of the Debtor's children Stephen and Christopher Bello. These Quitclaim Deeds were recorded on January 4, 2013, in the Official Records of the County of Napa, as Document Nos. 2013-0000251 and 2013-0000250, respectively.

20. On December 19, 2013, the Official Committee of Unsecured Creditors of the Chapter 11 Estate of Wall Design, Inc. commenced an adversary proceeding against the Debtor and others entitled *Official Committee, etc. v. Michael Ru Bello*, et al, U.S. Bank. Ct., C.D. Cal. A.P. No. 8:13-1409 CB. A correct copy of this Complaint is attached to this Complaint, and labeled Exhibit 3. On or about November 19, 2014, Defendant Brian Weiss was assigned all of the rights of the Official Committee of Unsecured Creditors of the Chapter 11 Estate of Walldesign, Inc. in A.P. No. 8:13-1409 CB and thereafter substituted in as the plaintiff real-party-in-interest in that action.

21. On March 23, 2015, after issuance of a Right to Attach Order, the Clerk of the Court issued a Writ of Attachment in A.P. No. 8:13-1409 CB against the 8424 Property and other assets of the Debtor and the other defendants therein. A correct copy of this Writ of Attachment is attached to this Complaint and labeled Exhibit 4. Thereafter, on April 24, 2015, the Official Committee of Unsecured Creditors of the Chapter 11 Estate of Wall Design, Inc. perfected an attachment lien against Premier Trust, Inc., as Trustee of the Irrevocable Nancy Bello 2012 Trust dated 12/19/12, and as Trustee of the Irrevocable Michael Ru Bello 2012 Trust dated 12/19/12 by recording a "Notice of Attachment" in the Official Records of the County of Napa, as Document

No. 2015-0010212. A Correct copy of this "Notice of Attachment" is attached to this Complaint and labeled Exhibit 5. No "Notice of Attachment" was recorded at any time against the Debtor.

22. On or about July 13, 2015, Defendant Weiss, the Debtor, Defendant Michael Ru Bello, and other parties executed a "Settlement Agreement" resolving A.P. No. 8:13-1409. A correct copy of this "Settlement Agreement" is attached to this Complaint and labeled Exhibit 6. Among other things, this Settlement Agreement memorialized a debt on the part of the Debtor owing to Weiss, (1) a series of provisions providing that the debt may be satisfied in full by the formulaic payment of approximately $7 Million from the liquidation of various properties within one year, (2) a provision that the debt owed by Nancy Bello to Defendant Weiss would remain secured by the purported Attachment Lien identified above, and (3) in the event that the $7 Million payment was not made within one year, provisions for (i) entry of a stipulated judgment in favor of Defendant Weiss against the Debtor in the amount of $18 Million and (ii) an involuntary sale of the 8424 Property and the furnishings and other personal property contained therein at a price and terms to be determined by Defendant Weiss in his sole and absolute discretion.

23. Sometime prior to July 12, 2016, in anticipation that the Debtor and the remaining defendants in A.P. No. 8:13-1409 would default under the terms of the Settlement Agreement, Defendant Weiss scheduled an auction sale of the 8424 Property and its contents for August 4, 2016, at a price and terms determined by him in his sole and absolute discretion. As noted above, on July 12, 2016, less than one year from the effective date of the Settlement Agreement, the Debtor filed her petition for relief with this Court.

FIRST CLAIM FOR RELIEF
(Avoidance of Actual Fraudulent Transfer – 11 U.S.C. § 544(b))
(Against Defendants Premier Trust, Inc. and Brian Weiss Only)

24. Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 23, inclusive.

25. Among the rights and powers of Plaintiff as the duly appointed Trustee in Bankruptcy of the Debtor Nancy Ann Bello are all of the rights and powers of actual creditors

holding claims against the Debtor as of the filing of the petition for relief, including the right to commence and prosecute causes of action pursuant to the California Uniform Fraudulent Transfer Act, Cal. Civil Code Sections 3439 et seq.

26. On or about January 4, 2013, a date within four years years of the filing of her petition for relief, the Debtor voluntarily transferred her interest in the 8424 Property to the initial transferee Defendant Premier Trust, Inc., as Trustee of the Irrevocable Nancy Bello 2012 Trust dated 12/19/12. Defendant Premier Trust, Inc. was the "initial transferee" of the 8424 Property as the term is used in 11 U.S.C. Section 550(a)(1).

27. The Debtor made this transfer with the actual intent to hinder, delay or defraud her then-existing and future creditors.

28. The Debtor's actual fraudulent intent is inferred from the presence of a number of the so-called "badges of fraud". These include the facts that (a) the Irrevocable Nancy Bello 2012 Trust is controlled by the Debtor, (b) the Debtor was being pursued by a number of creditors at the time of the transfers, (c) the Debtor made the transfers as part of an admitted "asset protection" scheme, (d) the Debtor was insolvent at the time of the transfers, (e) the purported beneficiaries of the transfer to Premier Trust, Inc. were "insiders" of the Debtor, and (f) there was wholly inadequate consideration for the transfers.

29. On April 24, 2015, a subsequent transfer of the 8424 Property was made by Defendant Premier Trust, Inc., as Trustee of the Irrevocable Nancy Bello 2012 Trust dated 12/19/12 to Defendant Weiss by reason of the levy of the Writ of Attachment set forth as Exhibit 5. Although this transfer was the involuntary creation of a lien, it met the definition of "transfer" contained in 11 U.S.C. Section 550 and 101(54)(A) & (D). Defendant Weiss was therefore a "mediate transferee" of the 8424 Property as the term is used in 11 U.S.C. Section 550(a)(2).

30. Defendant Weiss was not a "good faith transferee" of Defendant Premier Trust, Inc., as Trustee of the Irrevocable Nancy Bello 2012 Trust at the time it was transferred the attachment lien. As early as December 19, 2013, Defendant Weiss knew that Defendant Premier Trust, as Trustee of the Irrevocable Nancy Bello 2012 Trust held title to the 8424 Property as a result of an intentional fraudulent transfer, see Exhibit 3, p. 11:14-27.

31. As of the filing of the Debtor's petition for relief she had actual unsecured creditors holding allowable unsecured claims with the right to avoid these transfers pursuant to the California Uniform Fraudulent Transfer Act, including without limitation Comerica Bank and AB Calif. Acquisition Corp.

32. Plaintiff is therefore entitled to have these transfers avoided pursuant to the provisions of 11 U.S.C. § 544(b), and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### SECOND CLAIM FOR RELIEF
(Assertion of Trustee's "Strong Arm" Powers – 11 U.S.C. § 544(a)(3))
(Against Defendants Premier Trust, Inc. and Brian Weiss Only)

33. Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 32, inclusive.

34. Among the rights and powers of Plaintiff as the duly appointed Trustee in Bankruptcy of the Debtor Nancy Ann Bello are all of the rights and powers of a hypothetical purchaser of real property from the Debtor whose interest was perfected as of the filing of the Debtor's petition for relief.

35. Defendant Weiss claims an attachment lien on the legal and/or beneficial interest of the Debtor in the 8424 Property.

36. Under the laws of the State of California, a hypothetical bona fide purchaser of the 8424 Property as of the filing of the Debtor's petition for relief had the power to avoid any purported attachment lien held by Weiss on the 8424 Property. In particular, Defendant Weiss never perfected his attachment lien against the Debtor by duly recording a "Notice of Attachment" as to her; the sole "Notice of Attachments" recorded by Defendant Weiss were the "Notice of Attachment" directed to the third party Prime Trust set forth in Exhibit 5 and a second "Notice of Attachment" directed as to Defendant Michael Bello only. Further, even if some document evidencing the Right to Attach Order issued in favor Defendant Weiss and against the Debtor was recorded, the Writ of Attachment was a nullity because it failed to contain the

mandatory information set forth in Cal. Code of Civil Procedure Section 488.010(c) as to the Debtor. Under the laws of the State of California, official Judicial Council forms which do not contain all of the information mandatorily required by statute do not impart constructive notice, even if they are recorded.

37. Plaintiff is therefore entitled to have the purported attachment lien asserted by Defendant Weiss on the 8424 Property avoided pursuant to the provisions of 11 U.S.C. § 544(a)(3), and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff prays for judgment as set forth below.

THIRD CLAIM FOR RELIEF
(Determination of Secured Status – 11 U.S.C. § 506)
(Against Defendant Western Alliance Bank Only)

38. Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 37, inclusive.

39. On August 13, 2015, Defendant Western Alliance Bank recorded an Abstract of Judgment against the 8424 Property, creating a judgment lien in the amount of $553,543.14 against the Debtor's interest therein.

40. Plaintiff is informed and believes and on that basis alleges that the fair market value of the 8424 Property is no more than $7 Million.

41. There are over $21 Million in liens and encumbrances on the 8424 Property senior to the judgment lien of Defendant Western Alliance Bank, including a first deed of trust in favor of Comerica Bank in the approximate amount of $3.2 Million and the avoidable attachment lien held by Defendant Weiss and preserved for the benefit of the Estate, as alleged above.

42. Therefore, there is no value in the undersecured interest held by Defendant Western Alliance Bank in the 8424 Property and Defendant Western Alliance Bank is wholly unsecured as to the this property.

43. Plaintiff is therefore entitled to a judicial declaration that Defendant Western Alliance Bank is wholly unsecured as to the 8424 Property pursuant to the provisions of 11 U.S.C. Section 506.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### FOURTH CLAIM FOR RELIEF
(Sale Free and Clear of Co-Owner's Interests -- 11 U.S.C. 363(h))
(Against Defendants Michael Ru Bello and Premier Trust, Inc. Only)

44. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 43, inclusive.

45. Among the assets of the estate is a 50% joint tenancy interest in the 8424 Property.

Plaintiff is informed and believes and on that basis alleges that Defendants Michael Ru Bello and/or Premier Trust, Inc, as Trustee of the Irrevocable Michael Ru Bello 2012 Trust dated 12/19/12 have the remaining 50% joint tenancy interest in the 8424 Property.

46. Partition in kind of the Property between the estate and Defendants Premier Trust and Michael Ru Bello impractical.

47. A sale of the estate's undivided interest in the 8424 Property would realize significantly less for the estate than the sales of the 8424 Property free and clear of the interest of any co-owner.

48. The benefit to the estate of a sale of the 8424 Property free and clear of the interest of any co-owner outweighs the detriment, if any, to the co-owner.

49. The 8424 Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural of synthetic gas or heat, light, or power.

50. Plaintiff is therefore entitled to an order permitting him to sell the entire fee interest in the Property free and clear of the interests of the Defendants Premier Trust and Michael Ru Bello, subject to any right of refusal under 11 U.S.C. § 363(i) and any right to a share of the proceeds pursuant to 11 U.S.C. § 363(j), which Defendants may have.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### FIFTH CLAIM FOR RELIEF
(Assertion of Trustee's "Strong Arm" Powers – 11 U.S.C. § 544(a)(1) & (2))
(Against Defendant Brian Weiss Only)

51. Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 50, inclusive.

52. Among the rights and powers of Plaintiff as the duly appointed Trustee in Bankruptcy of the Debtor Nancy Ann Bello are all of the rights and powers of the holder of a hypothetical judgment lien or execution lien against the Debtor whose interest was perfected as of the filing of the Debtor's petition for relief.

53. Among the assets of this Estate are furnishings and other personal property (the "Furnishings") owned by the Debtor with a liquidation value of between $30,000 and $150,000.

54. Defendant Weiss claims a right to involuntarily liquidate the Furnishings pursuant to the "Settlement Agreement" set forth in Exhibit 6. At no time did Defendant Weiss purport to perfect his enforcement rights against the Furnishings through the filing of a UCC-1 Financing Statement or otherwise. The Furnishings are not subject to any Right to Attach Order or Writ of Attachment issued in favor of Defendant Weiss.

55. Under the laws of the State of California, a hypothetical judgment lien creditor or execution creditor of the Debtor as of the filing of the Debtor's petition for relief had the power to avoid any purported attachment lien or other enforcement right held by Weiss against the Furnishings.

56. Plaintiff is therefore entitled to have the purported attachment lien or other enforcement right asserted by Defendant Weiss on the Furnishings avoided pursuant to the provisions of 11 U.S.C. § 544(a)(1) & (2), and preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For an order avoiding the transfers of the 8424 Property alleged above to Defendants Premier Trust, Inc. and Brian Weiss, and preserving these transfers for the benefit of the Estate;

2. For an order declaring that Defendant Western Alliance Bank is wholly unsecured as to the 8424 Property pursuant to the provisions of 11 U.S.C. Section 506.

3. For an order authorizing Plaintiff to sell the 8424 Property free and clear of any co-ownership interests of Defendants Michael Ru Bello and Premier Trust, Inc., and any other person;

4. For an order avoiding any lien or interest held by Defendant Brian Weiss on the Furnishings, and preserving any such lien or interest for the benefit of the Estate;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems proper.

Dated: August 1, 2016       MACCONAGHY & BARNIER, PLC

               /s/ John H. MacConaghy
               By: John H. MacConaghy
               Attorneys for Plaintiff
               Timothy W. Hoffman, Trustee in Bankruptcy.

6054.premier.complaint.                    PAGE 12

Case: 16-01094  Doc# 1  Filed: 08/02/16  Entered: 08/02/16 11:31:12  Page 12 of 12