1  as they became due.

2  **Sixth Claim for Relief**

3  **(Against all Defendants, To Avoid and Recover Preferential Transfers of Money and**

4  **Other Property under 11 U.S.C. §§ 547(b) and 550(a))**

5          94.    The Committee incorporates by reference and realleges paragraphs 1-71 of this

6  Complaint. This claim for relief is brought as an alternative to the first through fifth claims for

7  relief but solely with respect to those transfers which are alleged therein to be fraudulent

8  transfers made within the one year period immediately preceding the Petition Date, and only to

9  the extent that a defendant alleges to have given reasonably equivalent value in exchange for

10  such transfer. At all relevant times, each of the defendants was, for the reasons set forth in

11  paragraphs 1-71 of the Complaint, an insider of Walldesign.

12          95.    During the 1 year prior to the Petition Date, Walldesign transferred at least

13  $4,000,000.00 (the "1-Year Transfers") to or for the benefit of the defendants, and according

14  to proof at trial. To the extent, if any, that the 1-Year Transfers were in payment of an

15  obligation that Walldesign owed to the defendants, such obligation was an antecedent debt.

16          96.    As a result of the 1-Year Transfers, the defendants received from Walldesign

17  more than they would have received if such transfers had not been made and this case was a

18  case under chapter 7 of the Bankruptcy Code.

19  **Seventh Claim for Relief**

20  **(Against all Defendants, To Avoid and Recover Preferential Transfers of Money and**

21  **Other Property under 11 U.S.C. §§ 550(a)(2))**

22          97.    The Committee incorporates by reference and realleges paragraphs 1-71 of this

23  Complaint. This claim for relief is brought as an alternative to the first through fifth claims for

24  relief but solely with respect to those transfers which are alleged therein to be fraudulent

25  transfers made within the 90-day period immediately preceding the Petition Date, and only to

26  the extent that a defendant alleges to have given reasonably equivalent value in exchange for

27  such transfer.

28          98.    During the 90 days prior to the Petition Date, Walldesign transferred at least

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  $1,000,000.00 (the "90-Day Transfers") to or for the benefit of the defendants, and according

2  to proof at trial.  To the extent, if any, that the 90-Day Transfers were in payment of an

3  obligation that Walldesign owed to the defendants, such obligation was an antecedent debt.

4      99.    As a result of the 90-Day Transfers, the defendants received from Walldesign

5  more than they would have received if such transfers had not been made and this case was a

6  case under chapter 7 of the Bankruptcy Code.

**Eighth Claim for Relief**

**(Against Stephen Bello and Does 1-50, To Avoid Postpetition Transfers of Money and**

**Other Property under 11 U.S.C. § 549(a))**

10      100.    The Committee incorporates by reference and realleges paragraphs 1-71 of this

11  Complaint.

12      101.    At all relevant times, Walldesign was the owner of the Preferred Bank Account

13  and all money held in that account.  On the Petition Date, the Preferred Bank Account and all

14  money deposited into that account became property of the Estate.

15      102.    On January 24, 2012, twenty days after the Petition Date, Michael Bello caused

16  Walldesign to transfer $3,130.63 to his son, Stephen Bello, from the Walldesign Preferred

17  Bank Account.

18      103.    The above described transfer was not authorized by the Bankruptcy Court or

19  the Bankruptcy Code.  Accordingly, pursuant to 11 U.S.C. § 549 the Committee is entitled, on

20  behalf of the Estate, to avoid and recover the amount of that transfer.

**Ninth Claim for Relief**

**(Against all Defendants, To Avoid and Recover Fraudulent Transfers, to Recover**

**Preferential Transfers, and to Avoid and Recover Post-petition Transfer of Money and**

**Other Property under 11 U.S.C. §§ 550(a)(2))**

25      104.    The Committee incorporates by reference and realleges paragraphs 1-103 of

26  this Complaint.

27      105.    To the extent that the defendants, named and unnamed, are not the initial

28  transferees of the transfers referred to in this Complaint, they are immediate or mediate

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  transferees of the initial transferee of such payments.

2      106.   To the extent that such defendants are immediate or mediate transferees of the

3  initial transferee of the transfers referred to in this Complaint, such defendants did not take

4  such transfers for value and/or in good faith and/or without knowledge of the avoidability of

5  such transfers.

6      107.   Each of the transfers referred to in this claim for relief is recoverable from such

7  defendants as an immediate or mediate transferee of the transfers that Michael Bello caused

8  Walldesign to make to the initial transferees thereof.

9                          **Tenth Claim for Relief**

10  **(Against Michael Bello and Does 1-50, To Recover Illegal Dividends under Cal. Corp.**

11                      **Code §§ 500, 501 and 506)**

12     108.   The Committee incorporates by reference and realleges paragraphs 1-71 and

13  102 of this Complaint.

14     109.   At all relevant times within the four years prior to the Petition Date and

15  thereafter, Walldesign (i) was insolvent, or became insolvent as a result of each such transfer;

16  (ii) was engaged in or was about to engage in a business or a transaction for which its

17  remaining assets were unreasonably small in relation to the business or transaction; or (iii)

18  intended to incur, or believed or reasonably should have believed that it would incur, debts

19  beyond its ability to pay as they became due.

20     110.   During the four-years prior to the Petition Date and thereafter, Michael Bello

21  caused Walldesign to make shareholder distributions to or for the benefit of himself (the

22  "Bello Distributions").  In doing so, at all relevant times Michael Bello had knowledge of facts

23  indicating that Walldesign then was, or as a result of such distributions would be,  likely to be

24  unable to meet its liabilities as they matured, and was aware of the impropriety of the

25  distributions to himself given the dire financial state of Walldesign.  At this time, the

26  Committee lacks sufficient information to specify the total amount of money and other

27  property that comprise all of the Bello Distributions.  The Committee will seek leave to amend

28  this Complaint when it has additional information concerning the money and other property

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   that Walldesign transferred to or for the benefit of the Michael Bello as the Bello

2   Distributions.

3                           **Eleventh Claim for Relief**

4        **(Against Michael Bello and Does 1-50 for Breach of Fiduciary Duty)**

5        111.   The Committee incorporates by reference and realleges paragraphs 1-71 and

6   102 of this Complaint.

7        112.   At all relevant times within the four years prior to the Petition Date and

8   thereafter, Walldesign (i) was insolvent, or became insolvent as a result of each such transfer;

9   (ii) was engaged in or was about to engage in a business or a transaction for which its

10  remaining assets were unreasonably small in relation to the business or transaction; or (iii)

11  intended to incur, or believed or reasonably should have believed that it would incur, debts

12  beyond its ability to pay as they became due.

13       113.   As the President/Person-in-Charge of Walldesign, at all relevant times Michael

14  Bello owed the duties of a fiduciary to Walldesign, including the duties of undivided loyalty to

15  Walldesign and to act in Walldesign's best interest, which prohibited him from undertaking or

16  participating in activities adverse to the interests of Walldesign and its creditors and the duty to

17  account Walldesign to and keep it fully informed as to all matters pertaining to its interests.

18  Because Michael Bello was ultimately responsible for overseeing the day-to-day business

19  operations and financial performance of Walldesign, and involved in supervising all aspects of

20  Walldesign's financial affairs, at all relevant times, he was well aware of the dire financial

21  condition and insolvency of Walldesign  Despite this knowledge, Michael Bello caused

22  Walldesign to make the above described distributions to or for himself and the other

23  defendants in violation of Walldesign's rights and obligations to its creditors.  In so doing,

24  Michael Bello breached his fiduciary duties to Walldesign, and was a direct and proximate

25  cause of, and a substantial factor in causing damage to Walldesign and its creditors in the

26  amount of the transfers made by Walldesign to or for his own benefit and the benefit of the

27  other defendants.  Those damages are at least $12,000,000.00, and according to proof at trial.

28       114.   The wrongful conduct of Michael Bello as alleged in this claim for relief, was

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  willful, wanton, malicious, oppressive, outrageous and fraudulent, and justifies an award of

2  punitive damages in an amount sufficient to punish said defendant and deter future conduct of

3  this type.

**Twelfth Claim for Relief**

**(Against Michael Bello, RUI, Bello Construction, and Does 1-50 for Disallowance of**

**Proofs of Claim Pursuant to 11 U.S.C. § 502(d))**

7        115.    The Committee incorporates by reference and realleges paragraphs 1-71 of this

8  Complaint.

9        116.    Defendants Michael Bello, RUI, Bello Construction, and Does 1-50 have filed

10  proofs of claim against the Walldesign Estate.  Furthermore, as discussed above, RUI and

11  Bello Construction are entities which are wholly owned by Michael Bello.  Michael Bello,

12  RUI, Bello Construction, and Does 1-50 are in possession of or are intended beneficiaries of

13  fraudulent and/or preferential transfers that are recoverable for the benefit of the Estate

14  pursuant to 11 U.S.C. §§ 544, 547, 548 and 550.

15        117.    Michael Bello, RUI, Bello Construction, and Does 1-50 have failed and refused to

16  disgorge those fraudulent and/or preferential transfers.  Until those fraudulent and/or preferential

17  transfers are repaid in full to the Estate, no part of said defendants' proofs of claim is an allowable

18  claim.

**Thirteenth Claim for Relief**

**(Against Michael Bello, the Bello Related Entities, Including RUI, and Bello**

**Construction, and Does 1-50 for Equitable Subordination of Claims Pursuant to 11**

**U.S.C. § 510(c))**

23        118.    The Committee incorporates by reference and realleges paragraphs 1-71 and

24  116-117 of this Complaint.

25        119.    As the President/Person-in-Charge of Walldesign, at all relevant times Michael

26  Bello owed the duties of a fiduciary to Walldesign, including the duties of undivided loyalty to

27  Walldesign and to act in Walldesign's best interest, which prohibited him from undertaking or

28  participating in activities adverse to the interests of Walldesign and its creditors and the duty to

1 | account to Walldesign and keep it fully informed as to all matters pertaining to its interests.

2 | Because Michael Bello was ultimately responsible for overseeing the day-to-day business

3 | operations and financial performance of Walldesign, and involved in supervising all aspects of

4 | Walldesign's financial affairs, at all relevant times, he was well aware of the dire financial

5 | condition and insolvency of Walldesign.  Despite this knowledge, Michael Bello caused

6 | Walldesign to make the above described distributions to or for himself and the other

7 | defendants in violation of Walldesign's rights and obligations to its creditors.  In so doing,

8 | Michael Bello breached his fiduciary duties to Walldesign, and was a direct and proximate

9 | cause of, and a substantial factor in causing damage to Walldesign and its creditors in the

10 | amount of the transfers made by Walldesign to or for his own benefit and the benefit of the

11 | other defendants.

12 |         120.    11 U.S.C. § 510(c) provides:

13 |                 Notwithstanding subsections (a) and (b) of this section, after notice and a

14 |                 hearing, the court may under principles of equitable subordination, subordinate

15 |                 for purposes of distribution all or part of an allowed claim to all or part of

16 |                 another allowed claim or all or part of an allowed interest to all or part of

17 |                 another allowed interest.

18 |         121.    At all relevant times, Michael Bello (and by extension the Bello Related

19 | Entities, including RUI and Bello Construction, and Does 1-50 acting at the direction or under

20 | the control of or in concert with Michael Bello) engaged in inequitable conduct toward

21 | Walldesign by pilfering the assets of an undercapitalized and insolvent corporation for their

22 | own benefit, including the wrongful conduct described throughout this Complaint, which has

23 | resulted in injury to Walldesign and its creditors.  Among other wrongful conduct, in breach of

24 | his fiduciary duties to Walldesign and its creditors Michael Bello improperly placed his own

25 | interests (and the interests of the Bello Related Entities, including RUI and Bello Construction,

26 | and the interests of Does 1-50 acting at the direction or under the control of or in concert with

27 | Michael Bello) over the interests of Walldesign and its creditors.  This inequitable conduct has

28 | resulted in harm to Walldesign, its creditors and the Estate in that Walldesign's general

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1 unsecured creditors are less likely to recover the full amounts owed to them because of the

2 wrongful conduct of Michael Bello.

3     122.    Principles of equitable subordination require that any and all claims, whether or

4 not yet filed of record, of Michael Bello (and the Bello Related Entities, including RUI and

5 Bello Construction, and Does 1-50 acting at the direction or under the control of or in concert

6 with Michael Bello) against the Estate be equitably subordinated to the allowed general

7 unsecured claims against the Estate, and such equitable subordination is consistent with the

8 provisions and purposes of the Bankruptcy Code.

9     123.    Therefore, the Court should equitably subordinate any and all claims, whether

10 or not yet filed of record, of Michael Bello, the Bello Related Entities, including, RUI and

11 Bello Construction, and Does 1-50 against the Estate to the allowed general unsecured claims

12 against the Estate.

**Fourteenth Claim for Relief**

**(Against Michael Bello, Bello Construction and Does 1-50; for Equitable Subordination**

**of Liens Pursuant to 11 U.S.C. § 510(c))**

16     124.    The Committee incorporates by reference and realleges paragraphs 1-117 of

17 this Complaint.

18     125.    Principles of equitable subordination require that any and all liens, whether or

19 not yet filed of record, of Michael Bello, Bello Construction, and Does 1-50 against the Estate

20 be equitably subordinated to the allowed general unsecured claims against the Estate, and such

21 equitable subordination is consistent with the provisions and purposes of the Bankruptcy Code.

22     126.    Therefore, the Court should equitably subordinate any and all liens, whether or

23 not yet filed of record, of Michael Bello, Bello Construction and Does 1-50, against the Estate

24 to the allowed general unsecured claims against the Estate.

**Fifteenth Claim for Relief**

**(Against all Defendants, for a Permanent Injunction pursuant to Cal. Civ. Code §**

**3439.07(a)(3)(A))**

28     127.    The Committee incorporates by reference and realleges paragraphs 1-71 of this

1  Complaint.

2      128.    The applicable principles of equity dictate that defendants be permanently

3  enjoined from directly or indirectly transferring, selling, assigning, pledging, hypothecating,

4  encumbering, dissipating, distributing or moving the assets of the Estate which have been

5  fraudulently transferred to defendants by Walldesign via the machinations of Michael Bello.

6      129.    Therefore, the Court should permanently enjoin defendants from directly or

7  indirectly transferring, selling, assigning, pledging, hypothecating, encumbering, dissipating,

8  distributing or moving the fraudulently transferred assets of the Estate.

9                          **Sixteenth Claim for Relief**

10  **(Against all Defendants, for a Permanent Injunction pursuant to Cal. Civ. Code §**

11                              **3439.07(a)(3)(C))**

12      130.    The Committee incorporates by reference and realleges paragraphs 1-71 of this

13  Complaint.

14      131.    The applicable principles of equity dictate that defendants be permanently

15  enjoined from directly or indirectly transferring, selling, assigning, pledging, hypothecating,

16  encumbering, dissipating, distributing or moving their own personal assets, except as

17  necessary in the ordinary course of business or to fulfill normal living expenses, until

18  judgment in this proceeding has been satisfied.

19      132.    Therefore, the Court should permanently enjoin defendants from directly or

20  indirectly transferring, selling, assigning, pledging, hypothecating, encumbering, dissipating,

21  distributing or moving their own personal assets, except as necessary in the ordinary course of

22  business or to fulfill normal living expenses, until judgment in this proceeding has been

23  satisfied.

24      **WHEREFORE**, the Committee, on behalf of the Estate, prays for judgment against

25  the defendants, and each of them, as follows:

26      1.    On the first claim for relief, for a judgment against the named and hereafter

27  named defendants that (i) avoids the 7-Year Transfers from Walldesign to or for the benefit of

28  the defendants; (ii) imposes a constructive trust on the 7-Year Transfers and any proceeds

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    thereof; and (iii) requires the defendants to return those transfers and their proceeds, or their

2    value, to the Committee, for the benefit of the Estate;

3        2.    On the second claim for relief, for a judgment against the named and hereafter

4    named defendants that (i) avoids the 4-Year Transfers from Walldesign to or for the benefit of

5    the defendants; (ii) imposes a constructive trust on the 4-Year Transfers and any proceeds

6    thereof; and (iii) requires the defendants to return those transfers and their proceeds, or their

7    value, to the Committee, for the benefit of the Estate;

8        3.    On the third claim for relief, for a judgment against the named and hereafter

9    named defendants that (i) avoids the 4-Year Transfers from Walldesign to or for the benefit of

10    the defendants; (ii) imposes a constructive trust on the 4-Year Transfers and any proceeds

11    thereof; and (iii) requires the defendants to return those transfers and their proceeds, or their

12    value, to the Committee, for the benefit of the Estate;

13        4.    On the fourth claim for relief, for a judgment against the named and hereafter

14    named defendants that (i) avoids the 2-Year Transfers from Walldesign to or for the benefit of

15    the defendants; and (ii) requires the defendants to return those transfers and their proceeds, or

16    their value, to the Committee, for the benefit of the Estate;

17        5.    On the fifth claim for relief, for a judgment against the named and hereafter

18    named defendants that (i) avoids the 2-Year Transfers from Walldesign to or for the benefit of

19    the defendants; and (ii) requires the defendants to return those transfers and their proceeds, or

20    their value, to the Committee, for the benefit of the Estate;

21        6.    On the sixth claim for relief, for a judgment against the named and hereafter

22    named defendants that (i) avoids the 1-Year Transfers from Walldesign to or for the benefit of

23    the defendants; and (ii) that directs the defendants to return those transfers and their proceeds,

24    or their value, to the Committee, for the benefit of the Estate;

25        7.    On the seventh claim for relief, for a judgment against the named and hereafter

26    named defendants that (i) avoids the 90-Day Transfers from Walldesign to or for the benefit of

27    the defendants; and (ii) that directs the defendants to return those transfers and their proceeds,

28    or their value, to the Committee, for the benefit of the Estate;

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8.      On the eighth claim for relief, for judgment against the named and hereafter named defendants that (i) avoids all post-petition transfers; and (ii) directs the defendants to return those transfers and their proceeds, or their value, to the Committee, for the benefit of the Estate;

9.      On the ninth claim for relief, for judgment against the named and hereafter named defendants that requires them to return to the Committee, for the benefit of the Estate, all transfers avoided by this Complaint;

10.      On the tenth claim for relief, for judgment against the named and hereafter named defendants that requires him to return to the Committee, for the benefit of the Estate, all illegal dividends made by Walldesign to Michael Bello;

11.      On the eleventh claim for relief, for judgment against the named and hereafter named defendants for breach of fiduciary duty in an amount to be determined at trial;

12.      On the twelfth claim for relief, for judgment against the named and hereafter named defendants that disallows the proofs of claim of those defendants against the Estate.

13.      On the thirteenth claim for relief, for judgment equitably subordinating any and all claims, whether or not yet filed of record, of the named and hereafter named defendants against the Estate to the allowed general unsecured claims against the Estate.

14.      On the fourteenth claim for relief, for judgment equitably subordinating any and all liens, whether or not yet filed of record, of the named and hereafter named defendants against the Estate to the allowed general unsecured claims against the Estate.

15.      On the fifteenth claim for relief, for a permanent injunction preventing the named and hereafter named defendants from directly or indirectly transferring, selling, assigning, pledging, hypothecating, encumbering, dissipating, distributing or moving the fraudulently transferred assets of the Estate or their personal assets (except as necessary in the ordinary course of business or for normal living expenses), until judgment in this proceeding has been satisfied.

16.      On the sixteenth claim for relief, for a permanent injunction preventing the named and hereafter named defendants from directly or indirectly transferring, selling,

1    assigning, pledging, hypothecating, encumbering, dissipating, distributing or moving their

2    personal assets, except as necessary in the ordinary course of business or for normal living

3    expenses, until judgment in this proceeding has been satisfied.

4         17.    For interest at the legal rate on all damages and sums awarded to the

5    Committee, for the benefit of the Estate; and

6         18.    For such other relief as the Court deems proper.

7

8    Dated: December 18, 2013             LANDAU GOTTFRIED & BERGER LLP

9

10

11    John P. Reitman

12    Attorneys for Plaintiff the Official Committee of
      Unsecured Creditors

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU GOTTFRIED & BERGER
LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT 1

Walldesign- Preferred Bank Grand Total of All Entities Paid

| Payee | Amount Paid |
|---|---|
| American Express Company | $528,513.05 |
| Bello Family Trust | $1,018,000.00 |
| Bighorn Golf Club/ Bighorn Home Owners Association, Inc. | $416,320.99 |
| Lory's-West, Inc. dba XVI Karats, Ltd. | $125,172.50 |
| MGM Grand Hotel, LLC | $296,000.00 |
| Renix Corporation | $118,826.49 |
| Wells Fargo Bank, N.A. | $205,676.09 |
| Aaron Pott | $214,068.78 |
| Preferred Bank | $65,000.00 |
| Lisa A. Henry dba Henry-West Designs | $232,948.16 |
| Ehren Jordan Wine Cellars, LLC dba Failla Wines | $180,441.55 |
| Ehren Jordan | $31,672.50 |
| Rutherford Wine Studios, LLC dba The Ranch Winery | $105,760.11 |
| Scully Estates, LLC dba Scully Family Vineyard/Irene Scully | $157,072.50 |
| Michael Bello LLC | $40,000.00 |
| David Abreu; David Abreu Vineyard Management | $667,355.60 |
| Donald Buresh & Sharon Phillips | $220,350.00 |
| The Shady Canyon Golf Club, Inc. | $71,514.66 |
| Jorge A. Martinez dba Napascapes | $62,085.53 |
| Young Ideas Construction | $68,095.08 |
| AIG | $45,986.70 |
| Bella Casa Property Services, LLC | $83,711.63 |
| Southwest Materials | $131,801.05 |
| Star Vineyards, LLC | $57,971.05 |
| The K.A. Montgomery Group, Inc. | $24,801.00 |
| Del Mar Thoroughbred Club | $120,881.25 |
| Wynn Resorts, Limited | $43,000.00 |
| Krupp Brothers, LLC | $46,380.00 |
| MB Landscapes, Inc. | $101,810.88 |
| Stephen Bello | $26,130.63 |
| Josephine Bello | $61,500.00 |
| State Farm Insurance | $73,058.50 |
| Ocean Front HOA - The O F HOA | $37,727.85 |
| Heretical Rod, Ltd. Dba Ben Franklin Press | $48,673.11 |
| Ehren Jordan | $61,017.50 |
| Taransaud North America Corp. | $47,080.85 |
| Rodeo Homes, Inc. | $27,738.08 |
| Amcor Flexibles | $23,905.25 |
| Gustavo Avina | $33,000.00 |
| Saxco-Demptos, Inc. | $26,265.67 |
| Cash | $130,621.16 |
| Ron Ford Construction, Inc. | $29,166.48 |
| Gaetano Hardwood Floors, Inc. | $20,500.00 |
| Ganau America, Inc. | $50,282.66 |
| Andrew L. Felix aka Andy Felix dba A Plus Services | $25,031.66 |

| | |
|---|---|
| Terra Springs, LLC | $25,383.85 |
| Nancy Bello | $29,000.00 |
| Terra Springs, LLC | $5,527.00 |
| Jason Besidio | $4,000.00 |
| Level LLC | $5,000.00 |
| Chubb Insurance | $2,940.00 |
| Richard Taylor Associates, Inc. | $6,354.74 |
| Bank of America, N.A. | $5,000.00 |
| Custom House | $18,494.12 |
| Precision Painting | $8,550.00 |
| Christopher Bello | $4,100.00 |
| Fitzwell Interiors, Inc. | $16,500.00 |
| Laurence I. Cheftel Inc. | $10,968.00 |
| J Mandato & Associates, Inc.; Jack Mandato | $4,433.75 |
| Valley View Landscape, Inc. | $4,765.00 |
| Mill Ridge Farm, LLLP | $7,250.00 |
| Mylo Marq, Inc. dba American Product Coatings | $5,400.00 |
| Promontory Pools, Inc. | $9,425.00 |
| Imboden Pump | $4,585.33 |
| Brian Paulus | $5,000.00 |
| John J. Goodwin Jr. aka Jack Goodwin | $3,500.00 |
| Marlou Brown | $8,700.00 |
| Sinclair Associates Architects, Inc. | $16,527.27 |
| G. Grisamore Design, Inc. | $8,485.13 |
| Illum Lighting Design, LLC | $5,605.55 |
| Dean Robert Jones, Inc./ Dean R. Jones | $13,665.00 |
| Michael J. Curran Tile, Inc. | $11,060.00 |
| Lynn C. Robbins Furniture and Design, Inc. | $12,630.98 |
| The Last Layer, Inc. | $7,532.56 |
| Venetian Tile and Stone Gallery | $3,579.55 |
| Erik Bloom | $4,487.00 |
| Josh Edwards | $4,825.50 |
| Armando Franco | $3,052.50 |
| Interiors Delivery Service, Inc. | $3,276.82 |
| Delta Consulting and Engineering of St. Helena | $18,918.82 |
| Holman Teague Roche Anglin LLP | $5,965.00 |
| Compliance Associates, Inc. | $3,311.50 |
| Caltrans | $3,367.00 |
| Albion Surveys, Inc. | $10,555.00 |
| Rey Viquez aka Rey III Viquez dba The Rey 3 Design Collaborative | $13,550.74 |
| Wayne E. Burgstahler dba Burgstahler Machine Works | $3,529.98 |
| FR & Associates | $9,275.00 |
| Chartis | $12,084.50 |
| AV Audiovisions, Inc. | $6,133.78 |
| George Tabraue, Brenda Tabraue | $6,250.00 |
| Louis A. Lazzinnaro | $7,500.00 |
| Pridemark-Everest Insurance Services, Inc. | $11,327.00 |

| | |
|---|---:|
| Structural Design Group, Inc. | $9,859.80 |
| Eternal Images | $5,502.50 |
| Scott Laboratories | $6,739.90 |
| John Patrick McGovern, Esq. | $5,000.00 |
| Western Square Industries | $16,293.01 |
| Daniel Scott Baker dba Desert Penguin Pools | $6,622.50 |
| Neil and Karen Aldoroty | $9,080.00 |
| RW Garage Doors | $6,500.00 |
| Blackbird Vineyards | $6,000.00 |
| Doris A. Segar | $3,500.00 |
| Huis Clos Consulting | $14,000.00 |
| County of Orange | $3,717.60 |
| Carroll J. Ballard dba Ballard Vineyards; Christina Ballard dba Ballard Vineyards | $7,887.00 |
| Richard Harkness | $10,515.73 |
| Kusha Alagband | $6,250.00 |
| PARADISE POOLS AND LANDSCAPES, INC.  dba Paradise Pool Care | $7,910.57 |
| Earth Concepts, Inc. | $15,877.50 |
| Greentech Landscaping Services, Inc. | $5,320.00 |
| Superclean Yacht Services | $12,145.61 |
| Naylor & Son's Co Inc. | $4,200.00 |
| Mr. Paint, Inc. | $6,900.00 |
| Avalon Audio/Video Inc | $60,128.67 |
| Alex Solis II | $10,000.00 |
| Jan Turner Hering Interior Design, Inc.;  Jan Turner Hering | $298,652.90 |
| Karyn C. Dunn dba Beyond Inviting | $13,153.66 |
| Jon Berlin | $46,234.00 |
| Joe Lippnick | $60,291.00 |
| Tokeco | $345,713.26 |
| Carla Kalwaitis Design | $6,454.66 |
| Bob Electric | $4,286.17 |
| Grassi Construction | $183,407.78 |
| Joseph H. Felber dba JJ Forge aka J&J Forge | $3,175.00 |
| Francois Freres USA, Inc | $5,928.66 |
| James L. Boswell, Inc | $6,748.00 |
| Portocork America Inc. | $3,587.00 |
| Mohamed N. Chahine | $100,000.00 |
| Orange County Overhead Door Inc | $5,455.00 |
| Smart Systems Technologies Inc | $7,498.73 |
| R. G. King Wallcovering | $3,441.00 |
| Los Angeles Turf Club | $5,000.00 |

| | |
|---|---:|
| **Grand Total:** | **$7,943,266.73** |

FORM B104  (08/07)                                                        2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WALLDESIGN, INC. | DEFENDANTS<br>See attached. |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>LANDAU GOTTFRIED & BERGER LLP<br>1801 Century Park East, Suite 700, Los Angeles, California 90067<br>Telephone: (310) 557-0050 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only) | | PARTY (Check One Box Only) | |
|---|---|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☒ Creditor | ☐ Other | ☐ Creditor | ☒ Other |
| ☐ Trustee | | ☐ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Preferential and Fraudulent transfers: 11 U.S.C. §§ 544(b); 547(b); 548(a)(1)(A); 548(a)(1)(B); 550(a); 550(a)(2) and Cal. Civ. Code §§ 3439.04(a); 3439.04(b); 3439.05; 3439.07
Breach of fiduciary duty

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 3 12-Recovery of money/property - §547 preference
☒ 1 13-Recovery of money/property - §548 fraudulent transfer
☒ 2 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 5 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☒ 4 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 18,000,000.00 |

**Other Relief Sought**
Permanent Injunctions and various State law claims

FORM B104 (08/07), page 2                                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
| WALLDESIGN, INC., a subchapter S Corporation | | 8:12-bk-10105 |
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| Central District of California | Santa Ana | Catherine E. Bauer |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| | | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| | | |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| *John P. Reitman* (signature) |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 12-18-13 | John P. Reitman |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

Defendants: MICHAEL RU BELLO, an individual and as
trustee of the BELLO FAMILY TRUST, January 14, 1997;
NANCY ANN BELLO, an individual and as trustee of the
BELLO FAMILY TRUST, January 14, 1997; STEPHEN
M. BELLO, an individual; CHRISTOPHER J. BELLO aka
CHRISTOPHER JON BELLO, an individual; JOSEPHINE
BELLO, an individual; BELLO FAMILY VINEYARD,
LLC, a California limited liability company; RU
INVESTMENTS, LLC, a California limited liability
company; MICHAEL BELLO, LLC, a California limited
liability company; IMPERIAL BUILDING GROUP, INC.,
a Delaware corporation; MB INVESTMENT GROUP,
LLC, a Nevada limited liability company; BELLO
CONSTRUCTION COMPANY, LLC, a California limited
liability company; PREMIER TRUST, INC., a Nevada
corporation, as trustee of the IRREVOCABLE NANCY
BELLO 2012 TRUST, dated December 19, 2012 and as
trustee of the IRREVOCABLE MICHAEL BELLO 2012
TRUST, dated December 19, 2012; and, DOES 1-50,
inclusive

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JOHN P. REITMAN (State Bar No. 80579)<br>jreitman@lgbfirm.com<br>RODGER M. LANDAU (State Bar No. 151456)<br>rlandau@lgbfirm.com<br>JACK A. REITMAN (State Bar No. 283746)<br>jareitman@lgbfirm.com<br>LANDAU GOTTFRIED & BERGER LLP<br>1801 Century Park East, Suite 700<br>Los Angeles, California 90067<br>Telephone: (310) 557-0050<br>Facsimile: (310) 557-0056<br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>WALLDESIGN, INC., a subchapter S Corporation,<br><br><br>Debtor(s). | CASE NO.: 8:12-bk-10105-CB<br><br>CHAPTER: 11<br><br>ADVERSARY NUMBER: |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WALLDESIGN, INC.,<br><br>Plaintiff(s)<br>Versus<br>See attached.<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| Hearing Date: _____ | Place: |
|---|---|
| Time: _____<br>Courtroom: _____ | ☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS. REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
                    Deputy Clerk

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Defendants: MICHAEL RU BELLO, an individual and as trustee of the BELLO FAMILY TRUST, January 14, 1997; NANCY ANN BELLO, an individual and as trustee of the BELLO FAMILY TRUST, January 14, 1997; STEPHEN M. BELLO, an individual; CHRISTOPHER J. BELLO aka CHRISTOPHER JON BELLO, an individual; JOSEPHINE BELLO, an individual; BELLO FAMILY VINEYARD, LLC, a California limited liability company; RU INVESTMENTS, LLC, a California limited liability company; MICHAEL BELLO, LLC, a California limited liability company; IMPERIAL BUILDING GROUP, INC., a Delaware corporation; MB INVESTMENT GROUP, LLC, a Nevada limited liability company; BELLO CONSTRUCTION COMPANY, LLC, a California limited liability company; PREMIER TRUST, INC., a Nevada corporation, as trustee of the IRREVOCABLE NANCY BELLO 2012 TRUST, dated December 19, 2012 and as trustee of the IRREVOCABLE MICHAEL BELLO 2012 TRUST, dated December 19, 2012; and, DOES 1-50, inclusive

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____          _____
*Date*                            *Printed Name*                            *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.