becoming a Final Order, the Bello Defendants shall, within five business days after the Approval Order becomes a Final Order, turnover such personal property to the Trustee for sale at auction through a licensed auctioneer acceptable to the Trustee in the unfettered exercise of his discretion that engages in bankruptcy sales and such sale shall be on terms and conditions consistent with that auctioneer's practices. The amount of money payable to the Trustee pursuant to ¶¶ 6.a.(i)-(vii) above and this ¶ 6.b is hereinafter referred to collectively as the "Settlement Payment."

    c.    Notwithstanding any of the provisions of ¶¶ 6.a.(i)-(vi) and b above, if any of the Bello Properties have not been sold and the closing thereof has not yet occurred, the Trustee may in the unfettered exercise of his discretion declare the entire amount of the Settlement Payment, to the extent not previously paid, immediately due and payable upon 30 calendar days written notice to the Bello Defendants at any time after the first anniversary after the Approval Order has become a Final Order. This ¶ 6.c is not intended to and does not modify or limit the Trustee's rights under ¶ 13 below in the event of a default under this Settlement Agreement by the Bello Defendants.

    d.    (i) The individual Bello Defendants and their respective spouses have each given the Trustee their personal financial statements signed under penalty of perjury. The individual Bello Defendants, and each of them, jointly and severally acknowledge and agree that the Trustee has relied upon the accuracy and completeness of the information set forth in those financial statements in entering into this Settlement Agreement and would not have done so if those statements are materially inaccurate or incomplete. The individual Bello Defendants, and each of them, further jointly and severally represent and warrant to the Trustee, which representations and warranties are deemed continuing and shall survive the execution, delivery and performance of this Settlement Agreement, that each statement of fact set forth in each of such financial statements is true, correct and complete in all material respects as of the date of such financial statement and the date of this Settlement Agreement (a material misstatement shall mean understating income or the value of an asset or failing to disclose an asset or the interest owned therein or overstating the amount of a liability owed, including by claiming as a liability a debt that is not owed, so as to understate actual income or the fair value of assets owned or to overstate liabilities so that gross or net income or net assets are understated by more than five percent as reflected on such financial statement).

9

(ii) The individual Bello Defendants, and each of them, further jointly and severally represent and warrant to the Trustee, which representations and warranties are deemed continuing and shall survive the execution, delivery and performance of this Settlement Agreement, that the personal property shown as owned by him/her (which includes the personal property owned by such defendant's spouse) as set forth in **Exhibit 5** to this Settlement Agreement, is a complete listing of all individual items of personal property so owned having an initial acquisition or purchase price of $5,000.00 or greater.

(iii) The individual Bello Defendants, and each of them, further jointly and severally represent and warrant to the Trustee, which representations and warranties are deemed continuing and shall survive the execution, delivery and performance of this Settlement Agreement, that **Exhibit 6** to this Settlement Agreement contains a complete listing of all individual items of personal property having an initial acquisition or purchase price of $5,000.00 or greater that the individual Bello Defendants and their respective spouses have sold, gifted, or otherwise transferred or disposed of any interest in since January 4, 2012 (*i.e.*, the Petition Date).

e.   The Parties acknowledge and agree that the components of the Settlement Payment were jointly negotiated by the Parties, that none of those components is subject to reduction or other modification for any reason whatsoever, and that the Settlement Payment reflects a reasonable estimate of the minimum risk of judgment against the Bello Defendants on the Complaint's claims for relief for breach of fiduciary duty, to recover illegal dividends, to avoid and recover fraudulent transfers made from Walldesign's checking account at Comerica Bank ("the Comerica Account") to or for the benefit of the Bello Defendants, to avoid and recover preferential transfers made from the Comerica Account to or for the benefit of the Bello Defendants, and to avoid and recover unauthorized post-petition transfers to or for the benefit of the Bello Defendants, and is in payment of those claims for relief.

f.   The Trustee will dismiss the Adversary Proceeding without prejudice promptly after the Settlement Payment has been received in full by him and has cleared the banking process, or as otherwise directed by the Bankruptcy Court.

g.   The Bello Defendants, and each of them, agree to waive and hereby waive any and all statutes of limitation defenses to the claims alleged in the Complaint or arising from a misrepresentation contained in the financial statements given to the Trustee or any other breach

10

of this Settlement Agreement.

    h.    If any part of the Settlement Payment paid to the Liquidation Trust is required to be disgorged for any reason whatsoever, including as a consequence of the bankruptcy of one or more of the Bello Defendants, any amount required to be disgorged by the Liquidation Trust shall be a joint and several obligation of each of the Bello Defendants (other than a Bello Defendant who has received a discharge of debts under the Bankruptcy Code) and shall forthwith be paid by the Bello Defendants to the Trustee, for the benefit of the Liquidation Trust.

    i.    If any individual Bello Defendant becomes the subject of a bankruptcy proceeding under the Bankruptcy Code, nothing contained in this Settlement Agreement shall bar or limit the Trustee's or the Liquidation Trust's right to seek denial of discharge or denial of the dischargeability of such Bello Defendant's obligations under this Settlement Agreement.

7.    <u>Bello Defendants' Entitlements and Recoveries from Persons/Entities who Are Creditors of the Walldesign Estate/Liquidation Trust</u>

To the extent that any person or entity who is a creditor of the Walldesign Estate or the Liquidation Trust is entitled to any distribution on an allowed claim against the Walldesign Estate or the Liquidation Trust and, as a result of the receipt of such a distribution, is required to pay any amount whatsoever to any Bello Defendant (or any assignee thereof or successor thereto), the Bello Defendants, jointly and severally, hereby **(a)** irrevocably assign their right to payment thereof to the Trustee, and **(b)** covenant and agree that if any such payment is made to anyone other than the Liquidation Trust they shall forthwith account for and pay such amount from their own funds to the Trustee, in each case for distribution in accordance with the terms of the Liquidation Trust agreement.

8.    <u>Releases</u>

    a.    <u>Limited Release of the Bello Defendants by the Liquidation Trust</u>: Upon the last to occur of the execution and delivery of this Settlement Agreement by the Parties and their respective legal counsel, if any, in the spaces provided at the end of this Settlement Agreement, the Approval Order becoming a Final Order, the expiration of the 91st calendar day after the Settlement Payment has been paid in full in accordance with this Settlement Agreement and has cleared the banking process, and no Bello Defendant having become within that time period the subject of a bankruptcy proceeding, except for the obligations created or preserved by this

11

Settlement Agreement, the Trustee on behalf of the Liquidation Trust, shall, without further action, be deemed to have waived and released any and all claims and other rights that the Liquidation Trust possesses, or may possess, as alleged in the Complaint against the Bello Defendants (collectively, the "Bello Defendant Releasees").

b. <u>General Release of the Trustee and the Liquidation Trust by the Bello Defendants</u>: Upon the last to occur of the execution and delivery of this Settlement Agreement by the Parties and their respective legal counsel, if any, in the spaces provided at the end of this Settlement Agreement, and the Approval Order becoming a Final Order, except for the obligations created or preserved by this Settlement Agreement, without further action, the Bello Defendants, and each of them, shall, without further action, be deemed to have waived and released any and all claims and other rights that any of them possesses, or may possess, whether known or unknown and whether matured, contingent or disputed, against the Trustee, the Liquidation Trust, the Committee and the Walldesign Estate and each of their respective attorneys, representatives, agents, successors, assigns and insurers, individually and collectively, solely to the extent acting in such capacity (collectively, the "Trustee Releasees").

c. <u>General Releases of (i) the Bello Defendants and the Trustee and the Liquidation Trust by Premier Trust; (ii) Premier Trust by the Bello Defendants; and (iii) Premier Trust by the Liquidation Trust</u>: Upon the last to occur of the execution and delivery of this Settlement Agreement by the Parties and their respective legal counsel, if any, in the spaces provided at the end of this Settlement Agreement, the Approval Order becoming a Final Order, and Premier Trust's receipt of the trustee fees and expenses owed to it pursuant to ¶ 6.a.(iv) above, (i) Premier Trust shall, without further action, be deemed to have waived and released any and all claims and other rights that it possesses, or may possess, whether known or unknown and whether matured, contingent or disputed, against the Trustee Releasees and the Bello Defendant Releasees; (ii) the Bello Defendants, and each of them shall, without further action, be deemed to have waived and released any and all claims and other rights that any of them possesses, or may possess, whether known or unknown and whether matured, contingent or disputed, against Premier Trust and its attorneys, representatives, agents, successors, assigns and insurers, individually and collectively, solely to the extent acting in such capacity (collectively, the "Premier Trust Releasees"); and (iii) the Trustee on behalf of the Liquidation Trust, shall, without further action, be deemed to have waived and released any and all claims and other

12

rights that the Liquidation Trust possesses, or may possess, whether known or unknown and whether matured, contingent or disputed, against the Premier Trust Releasees.

    d.    This Settlement Agreement, including the releases set forth in ¶¶ 8.a and c above, shall not be interpreted or construed as a release, waiver or relinquishment of, and shall not affect any of the Trustee's or Liquidation Trust's claims or rights against, any person or entity not expressly identified as a Bello Defendant Releasee or a Premier Trust Releasee. Notwithstanding any other provision in this Settlement Agreement, excluding only the releases set forth in ¶¶ 8a. and c above as to a Bello Defendant Releasee or a Premier Trust Releasee, the Trustee and Liquidation Trust shall not be deemed to have released, waived or relinquished any claims or rights that may exist, all of which are expressly preserved by the Trustee and the Liquidation Trust, as against any person or entity (i) who is or hereafter may be named as a defendant in the Non-Insider Adversary Proceedings; (ii) for whose benefit any transfer within the scope of the Non-Insider Adversary Proceedings was made; (iii) who is a subsequent transferee of any transfer within the scope of the Adversary Proceeding or any of the Non-Insider Adversary Proceedings; (iv) who at any time purported to be or was an employee or representative of, consultant to or co-venturer with Walldesign; or (v) who has asserted or may assert a claim (whether or not a proof of claim is filed) against the Walldesign Estate or the Liquidation Trust. In addition, notwithstanding any other provision in this Settlement Agreement, excluding only the releases set forth in ¶¶ 8.a and c above as to a Bello Defendant Releasee or a Premier Trust Releasee, the releases granted by the Liquidation Trust shall not act as a bar to or release of any claim for contribution or any cross-claim, counterclaim or third-party claim against any person or entity against whom an action has been brought by the Committee or the Walldesign Estate or against whom an action may hereafter be brought by the Trustee or the Liquidation Trust.

    9.    <u>Release of Unknown Claims</u>

    a.    It is the intention of the Parties in executing this Settlement Agreement that it is a general release of (i) the Trustee and the Liquidation Trust by the Bello Defendants as set forth in ¶ 8.b above, and (ii) (A) the Bello Defendants and the Trustee and the Liquidation Trust by Premier Trust; (B) Premier Trust by the Bello Defendants; and (C) Premier Trust by the Liquidation Trust as set forth in ¶ 8.c above, which shall be effective as a bar to each and every claim, demand or cause of action released by ¶¶ 8.b and c above. Each Party recognizes that

13

he/she/it may have some claim, demand or cause of action against the other Party of which he/she/it is totally unaware and unsuspecting, which he/she/it is giving up, as set forth in ¶¶ 8.b and c above, by executing this Settlement Agreement. It is the intention of the Parties in executing this Settlement Agreement that it will deprive each such Party of each such claim, demand or cause of action and prevent him/her/it from asserting it against any other Party, as set forth in ¶¶ 8.b and c above. In furtherance of this intention, **each Party, with respect to the releases set forth in ¶¶ 8.b and c above, expressly waives any rights or benefits conferred by the provisions of Section 1542 of the California Civil Code, which provides as follows:**

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

b.  The waiver of the rights or benefits conferred by the provisions of Section 1542 of the Civil Code of California is a material part of the consideration for this Settlement Agreement and shall not be subject to severance from this Settlement Agreement.

10.  Representations and Warranties by the Parties

a.  The Trustee hereby represents and warrants to each of the other Parties, which representations and warranties are material, are being relied upon by such other Parties, and shall survive the execution, delivery and performance of this Settlement Agreement, that (i) subject to the entry of the Approval Order and the Approval Order becoming a Final Order, the Trustee has the power and authority to enter into, execute, deliver and perform this Settlement Agreement on behalf of the Liquidation Trust and, when so executed and delivered, and the Approval Order has become a Final Order, the Settlement Agreement is a binding obligation of and enforceable in accordance with its terms against the Liquidation Trust; (ii) to the best of the Trustee's actual knowledge, from and after the Petition Date, no portion of any claim, right, demand or cause of action (or claim for relief) that the Walldesign Estate or the Liquidation Trust had or might have had against any of the Bello Defendants or Premier Trust has been assigned or transferred to any other person or entity in any manner; and (iii) the Trustee has consulted with legal counsel of his

14

own choosing regarding his and the Liquidation Trust's rights and the terms, effect and consequences of this Settlement Agreement before executing this Settlement Agreement and that the Trustee understands its meaning, including the effect of Section 1542 of the California Civil Code and the waiver of the rights or benefits conferred by that statute.

  b. Each of the Bello Defendants hereby represents and warrants to the other Parties, which representations and warranties are material, are being relied upon by such other Parties, and shall survive the execution, delivery and performance of this Settlement Agreement, that (i) such Bello Defendant has the power and authority to enter into, execute, deliver and perform this Settlement Agreement and, when so executed and delivered, the Settlement Agreement is a binding obligation of and enforceable in accordance with its terms against such Bello Defendant; (ii) no portion of any claim, right, demand, or cause of action (or claim for relief) that such Bello Defendant had or might have had against any of the other Parties has been assigned or transferred to any other person or entity in any manner; and (iii) such Bello Defendant has been afforded a reasonable opportunity and encouraged by the Trustee to consult with legal counsel of such Bello Defendant's own choosing regarding such Bello Defendant's rights and the terms, effect, and consequences of this Settlement Agreement before executing this Settlement Agreement and that such Bello Defendant understands its meaning, including the effect of Section 1542 of the California Civil Code and the waiver of the rights or benefits conferred by that statute.

  c. Premier Trust hereby represents and warrants to the other Parties, which representations and warranties are material, are being relied upon by such other Parties, and shall survive the execution, delivery and performance of this Settlement Agreement, that (i) Premier Trust has the power and authority to enter into, execute, deliver and perform this Settlement Agreement and, when so executed and delivered, the Settlement Agreement is a binding obligation of and enforceable in accordance with its terms against it; (ii) no portion of any claim, right, demand, or cause of action (or claim for relief) that Premier Trust had or might have had against any of the other Parties has been assigned or transferred to any other person or entity in any manner; and (iii) Premier Trust has been afforded a reasonable opportunity and encouraged by the Trustee to consult with legal counsel of its own choosing regarding its rights and the terms, effect, and consequences of this Settlement Agreement before executing this Settlement Agreement and that Premier Trust understands its meaning, including the effect of Section 1542 of the California Civil Code and the waiver of the rights or benefits conferred by that statute.

11. **No Additional Representations**

Except for the representations and warranties expressly set forth in this Settlement Agreement, each Party acknowledges that he/she/it has relied wholly upon his/her/its own judgment, belief and knowledge of the existence, nature and extent of each claim, demand or cause of action that he/she/it may have against any other Party, which is to be released pursuant to this Settlement Agreement and that he/she/it has not been influenced to any extent in entering into this Settlement Agreement by any representation or statement regarding any such claim, demand or cause of action made by any other Party (except as expressly set forth in this Settlement Agreement).

12. **Parties' Additional Covenants**

a. The Trustee covenants and agrees (i) promptly upon the execution and delivery of this Settlement Agreement by the other Parties, to use his reasonable best efforts to seek a Bankruptcy Court continuance of enforcement of the Contempt Order against Michael Bello and RUI; (ii) to not seek enforcement of the Contempt Order for so long as the Bello Defendants are not in breach of this Settlement Agreement; (iii) to use his reasonable best efforts to obtain a discharge, satisfaction or withdrawal of the Contempt Order upon the Bello Defendants' voluntary full performance of this Settlement Agreement; (iv) to not disclose the contents of or provide a copy of the individual Bello Defendants' financial statements provided to him in connection with this Settlement Agreement and the tax returns provided to him pursuant to the Bankruptcy Court's *Order Granting Plaintiff Trustee's Motion To Compel Production Of Documents*, entered May 6, 2015 [Adversary Docket No. 417] to parties in Non-Insider Adversary Proceedings or other third-persons, except in Non-Insider Adversary Proceedings as authorized by the Bankruptcy Court and in all other circumstances pursuant to subpoena or other lawful process, and to give the Bello Defendant whose financial statement or tax returns are sought prompt written notice of the request for such discovery; (v) in connection with the sale of a Bello Property to deposit into escrow, as applicable, a recordable form of release of any Lis Pendens and withdrawal of any Writ of Attachment recorded by the Trustee against such Bello Property, provided that such release or withdrawal shall be recorded only as part of the consummation of such sale and the closing of escrow; and (vi) promptly after the 91st calendar day after the Settlement Payment is received in full by the Trustee, the Trustee will cause to be released or withdrawn, as applicable, any Lis Pendens and Writs of Attachment against the Spring Street Residence and the Begonia Avenue Residence.

b. Each of the Bello Defendants covenants and agrees (i) to fully, cooperate, at their own expense (except reimbursement for the reasonable value of necessary travel related expenses

16

actually incurred) with the Trustee in connection with his prosecution of Non-Insider Adversary Proceedings, including by producing documents and appearing for deposition or at trial without the requirement of the service of a subpoena; and (ii) that upon the Approval Order becoming a Final Order, each of the Trustee and his counsel Landau Gottfried & Berger LLP shall, in the unfettered exercise of their respective discretion, be entitled to destroy any and all documents pertaining to the Adversary Proceeding.

13. **Trustee and Liquidation Trust's Remedies Upon the Bello Defendants' Breach of the Settlement Agreement**

The individual Bello Defendants each acknowledge and agree that upon a material breach by them of the terms of this Settlement Agreement, including, without limitation, if the collective amount of net assets reflected on the Bello financial statements is materially inaccurate, the Trustee shall be entitled at his election, in the unfettered exercise of his discretion, to

(a) obtain entry of judgment against the individual Bello Defendants, jointly and severally, in the amount of $18,000,000.00, plus legal fees and costs incurred in obtaining and enforcing such judgment and interest at the maximum legal rate, which is the minimum amount claimed in the Complaint as owing on the claims for relief for breach of fiduciary duty, to recover illegal dividends, to avoid and recover fraudulent transfers made from the Comerica Account to or for the benefit of the Bello Defendants, to avoid and recover preferential transfers made from the Comerica Account to or for the benefit of the Bello Defendants, and to avoid and recover unauthorized post-petition transfers to or for the benefit of the Bello Defendants, less payments actually received by the Trustee from the Bello Defendants pursuant to the terms of this Settlement Agreement. The individual Bello Defendants further agree that this ¶ 13.a shall be enforceable pursuant to a motion filed in the Bankruptcy Court and hereby consent to *in personam* jurisdiction of the Bankruptcy Court for that purpose; or

(b) continue to prosecute, or reopen the Walldesign Bankruptcy Case and re-file and prosecute the Complaint to judgment.

14. **Successors and Assigns**

This Settlement Agreement shall be binding on and shall inure to the benefit of the Parties and, as may be applicable, their respective heirs, legal representatives, successors and assigns.

15. **Choice of Law**

This Settlement Agreement is entered into and shall be performed in the State of California and shall be governed by and construed and interpreted in accordance with its internal laws and without regard to otherwise applicable principles of conflicts of laws or choice of laws, whether by

17

statute, rule or judicial determination and whether of the State of California or any other jurisdiction.

### 16. Interpretation

Each of the Parties represents to the other Parties that he/she/it has reviewed this Settlement Agreement and agrees that any question of interpretation shall not be resolved by any rule providing for interpretation against a drafting Party. Whenever possible, each provision of this Settlement Agreement shall be interpreted in such manner as to be valid under applicable substantive laws (excluding choice of laws) of California.

### 17. No Inducement

Each Party acknowledges and represents to the other Parties that no promise, representation or inducement not expressed herein has been made in connection with this Settlement Agreement.

### 18. No Admission of Liability

The execution of this Settlement Agreement and the performance of its terms and conditions effectuate the settlement of claims which are contested and denied. Nothing contained in this Settlement Agreement nor the performance of any act hereunder is or shall be construed as an admission by any Party of any wrong doing or liability of any kind to any other Party.

### 19. Costs and Expenses

a.  Each Party shall bear his/her/its own attorneys' fees and expenses incurred in connection with (i) the Adversary Proceeding; and (ii) the negotiation of the terms and conditions of, preparation of and performance of this Settlement Agreement.

b.  If any legal action is necessary to enforce the terms and conditions of this Settlement Agreement, the substantially prevailing Party shall be entitled to recover all costs of suit and reasonable attorneys' and other professionals' fees and expenses incurred as determined by the court in which such action is brought.

### 20. Jurisdiction and Venue

Each Party hereby irrevocably consents to the exclusive personal jurisdiction of and proper venue in the Bankruptcy Court solely for trial or other available dispute resolution procedures, the entry of findings, the entry and enforcement of final orders and the entry and enforcement of judgments for the purpose of resolving any and all disputes under, arising from or out of, or relating to this Settlement Agreement or the Parties' right and obligations with respect thereto. If the Bankruptcy Court lacks or refuses to exercise jurisdiction over any such dispute, each Party hereby irrevocably consents to the exclusive personal jurisdiction of and proper venue before the Superior Court of the State of California, County of Los Angeles solely for such purpose.

21. **Waiver of Jury Trial**

To the extent now or hereafter permitted by applicable law, each Party hereby expressly waives the right to trial by jury in any action or other proceeding under, arising from or out of, or relating to this Settlement Agreement or such Party's respective rights and obligations with respect thereto.

22. **Additional Documents**

Each Party agrees to execute, if necessary acknowledge or cause to be acknowledged, and deliver such additional documents and instruments and perform such further acts as may be reasonably necessary or appropriate to effectuate the purposes of this Settlement Agreement.

23. **Notices**

a.   Any notice, service, or demand permitted under this Settlement Agreement may be given by facsimile or PDF transmission (with proof of receipt), by postage prepaid first class mail or by Federal Express (or other over-night delivery service) (with proof of receipt) or by personal delivery as follows:

**To the Trustee:** c/o John P. Reitman (jreitman@lgbfirm.com) and Jack A. Reitman (jareitman@lgbfirm.com) of Landau Gottfried & Berger LLP, 1801 Century Park East, Suite 700, Los Angeles, California 90067 (fax no. 310-557-0056), **and** to Brian Weiss (bweiss@bswassociates.com), c/o BSW & Associates, 20321 Birch Street, Suite 200, Newport Beach, California 92663 (fax no. _____).

**To the Bello Defendants:** c/o Michael Ru Bello _____,
and c/o _____ (_____) _____
(fax no. _____).

**To Premier Trust:** _____,
and c/o _____ (_____) _____
(fax no. _____).

b.   Notice shall be deemed effective upon receipt if given by email or facsimile transmission or Federal Express (or other over-night delivery service) or if given by postage prepaid first class mail on the third business day after deposit into an active daily pick up U.S. postal box or with an authorized U.S. postal office.

c.   Any Party may change the person to whom or the address to which notice to that Party shall be delivered by giving notice of such change in accordance with ¶ 23.a above.

24. **Headings**

19

The headings in this Settlement Agreement are for convenience of reference only and shall not limit or otherwise affect the meaning hereof.

25. **Signing by Facsimile or PFF and in Counterparts**

This Settlement Agreement may be executed by facsimile or PDF signature in separate counterparts and shall become effective when such separate counterparts have been exchanged among the Parties.

26. **Entire Agreement**

This Settlement Agreement contains the entire understanding among the Parties and supersedes any prior negotiations, representations, understanding and agreements, whether oral or written, between or among them concerning its subject.

27. **Modification; No Waiver**

No alteration or modification of any of the provisions of this Settlement Agreement shall be binding unless made in writing and signed by the Parties affected by the alteration or modification. Any right, power or privilege of a Party under this Settlement Agreement can only be waived by an explicit written waiver of such right, power or privilege signed by the waiving Party, and such explicit written and signed waiver shall only excuse the specific breach or default described in the waiver and shall not be construed as a waiver of any succeeding breach of the same or any other provision. Except as provided in the preceding sentence, no right, power or privilege of a Party under this Settlement Agreement can be waived by the action or inaction of a Party, including without limitation by any delay on the part of a Party to exercise or take advantage of any right, power or privilege that he/she/it has or may have hereunder.

WALLDESIGN LIQUIDATION TRUST

Dated: ~~June 18~~ August 2015    By: _____
Brian Weiss, Trustee

MICHEL RU BELLO

Dated: ~~June~~ July 13, 2015    _____
Individually, in his capacity as the trustee of the Bello Family Trust, January 14, 1997, and as the duly appointed representative of the estate of Josephine Bello

NANCY BELLO

20

**EXHIBIT 1**
40

Dated: ~~June~~ July 13, 2015    _____
                                 *Nancy A. Bello*
                                 Individually, and in her capacity as the trustee of the
                                 Bello Family Trust, January 14, 1997

                                 CHRISTOPHER JON BELLO

Dated: ~~June~~ July 13, 2015    _____
                                 STEPHEN M. BELLO

Dated: ~~June~~ July 13, 2015    _____

                                 BELLO CONSTRUCTION COMPANY, LLC

Dated: ~~June~~ July 13, 2015    By: _____
                                 Michael J. Bello, Manager

                                 BELLO FAMILY VINEYARD LLC

Dated: ~~June~~ July 13, 2015    By: _____
                                 Michael Bello, Manager

                                 IMPERIAL BUILDING GROUP, INC.

Dated: ~~June~~ July 15, 2015    By: _____
                                 Stephen Bello, President

                                 MB INVESTMENT GROUP, LLC

Dated: ~~June~~ July 13, 2015    By: _____
                                 Michael Bello, Manager

                                 MICHAEL BELLO, LLC

Dated: ~~June~~ July 13, 2015    By: _____

21

**EXHIBIT 1**
**41**

_Michael Bello_, Manager

RU INVESTMENTS, LLC

Dated: ~~June~~ July 13, 2015    By: _[signature]_
                                    Michael Bello, Manager

PREMIER TRUST, INC.

Dated: ~~June~~ July 13, 2015    By: _[signature]_
                                    Michael Bello, Authorized Representative

APPROVED SOLELY AS TO FORM:

LANDAU GOTTFRIED & BERGER LLP

Dated: June __, 2015    By: _____
                            John P. Reitman,
                            Special Litigation Attorneys for Brian Weiss, Trustee
                            of the Walldesign Liquidation Trust.

XXX

Dated: June __, 2015    By: _____
                            XXX
                            Attorneys for XXX

22

                                                _____, Manager

**RU INVESTMENTS, LLC**

Dated: June \_\_, 2015      By: _____
                                                                               _____, Manager

**PREMIER TRUST, INC.**

Dated: ~~June~~ July 13, 2015      By: _[signature]_
                                                                         _Vice President_, Authorized Representative

**APPROVED SOLELY AS TO FORM:**

**LANDAU GOTTFRIED & BERGER LLP**

Dated: ~~June 1~~ August 18, 2015      By: _[signature]_
                                                       John P. Reitman,
                                                       Special Litigation Attorneys for Brian Weiss, Trustee
                                                       of the Walldesign Liquidation Trust.

**SHIELDS LAW OFFICES**

Dated: ~~June~~ July 13, 2015      By: _____
                                                       Jeffrey W. Shields
                                                       Attorneys for Premier Trust, Inc.